UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDAN JACOB HENDERSON SULLIVAN, <br><br> Plaintiff, <br><br> v. <br><br> LAKE COUNTY JAIL, <br><br> Defendant. | CAUSE NO.: 2:22-CV-191-TLS-JEM |

**OPINION AND ORDER**

Jordan Jacob Henderson Sullivan, a prisoner without a lawyer, filed a Complaint [ECF No. 1] against the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915(e), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Plaintiff alleges that on May 4, 2022, he was transferred to the Lake County Jail and placed in a bullpen with several other detainees. Compl., 12. He was provided with only a blanket. *Id.* The bullpen was cluttered with Styrofoam cups and containers from meals. *Id.* The toilet and area around it was covered in urine. *Id.* There was fecal matter on the toilet seat, rim, and base. *Id.* The Plaintiff and other inmates requested mats for sleeping, but the request was denied. *Id.* The Plaintiff states that he laid on the floor until a spot on a bench became available. *Id.* at 13. He slept on the bench all night and into the next day without a mat. *Id.*

The Plaintiff has listed only one defendant: the Lake County Jail. *Id.* at 1, 2. He cannot sue the Lake County Jail because it is a building. It is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[I]n listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Because the Plaintiff is a pre-trial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). It has long been recognized that detainees are entitled to "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citation omitted). Detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. *See id.* The Seventh Circuit has described two ways in which a pretrial condition can amount to punishment: "first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). The conditions the Plaintiff describes experiencing overnight were unpleasant and inconvenient. However, the factual allegations in the current Complaint do not permit a plausible inference that the Plaintiff was subjected to conditions that were not reasonably adequate, or that he was subjected to those conditions arbitrarily, purposelessly, or for the purpose of punishment.

The Plaintiff's Complaint does not state a claim for which relief can be granted. If the Plaintiff believes he can state a claim based on (and consistent with) the events described in his Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, the Plaintiff needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.[1] After he properly completes that form addressing the issues raised in this Order, he needs to send it to the Court.

For these reasons, the Court:

(1) GRANTS the Plaintiff until **November 28, 2022**, to file an amended complaint;

(2) DIRECTS the Clerk of Court to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to the Plaintiff;

(3) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e) without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on October 27, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] The Plaintiff did not use the Court's prisoner complaint form. Pursuant to N.D. Ind. L.R. 7-6, the Court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.